UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                        Case No. 8:06-cr-43-T-24 MAP

JOANNE CONE

_____/

## ORDER

This cause comes before the Court on Defendant Joanne Cone's Motion to Sever. (Doc. No. 95).

**I. Background**

Defendant Joanne Cone is named in two counts of a six count indictment. Specifically, she is charged in Count One with conspiracy in violation of 18 U.S.C. § 371 regarding a conspiracy to conceal property belonging to a bankruptcy estate, to make false statements regarding the bankruptcy, and to commit bankruptcy fraud. In Count Six, she is charged with bankruptcy fraud, in violation of 18 U.S.C. § 157. In the instant motion, Joanne Cone requests that the Court sever her trial from the trial of her co-defendant husband, Michael Cone, pursuant to Federal Rule of Criminal Procedure 8[1] and 14[2]. For the reasons stated below, the Court denies this motion.

---

[1] Federal Rule of Criminal Procedure 8 provides that an indictment: (1) may charge a defendant in separate counts with two or more offenses if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan; and (2) may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

[2] Federal Rule of Criminal Procedure 14 provides that if the joinder of offenses or defendants in an indictment for trial appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**II.  Severing Defendants**

Defendant Joanne Cone requests that the Court sever her trial from the trial of her co-defendant husband, Michael Cone, because paragraph three of the Second Superseding Indictment would prejudice her.  Paragraph three of the Second Superseding Indictment states:

> One or about July 29, 1999, defendant MICHAEL L. CONE entered into an agreement with the State of Florida.  That agreement required that MICHAEL L. CONE and any company or corporation under his control or direction not work, contract, seek to contract or act as a material supplier, subcontractor or consultant, on any Florida Department of Transportation contract or project, excluding work on existing contracts, for a period of four years.

 (Doc. No. 30, ¶ 3).  Joanne Cone argues that only one conclusion can be drawn from this paragraph by the reader, which is that Mr. Cone committed very serious prior bad acts or crimes that are the very same type of conduct at issue in the indictment and that he agreed to be punished for the prior acts by not working on any Florida Department of Transportation contract or project for four years.  Furthermore, Joanne Cone argues that this reference to prior bad acts by Mr. Cone is immaterial, irrelevant, and prejudicial to her and that she would suffer the unavoidable inference that she was responsible for some or all of the prior acts due to the fact that she is his wife and possibly his business associate.

The Court rejects this argument for two reasons.  First, paragraph three makes no reference whatsoever to any prior bad acts committed by anyone, much less prior bad acts that are the very same type of conduct at issue in the indictment.  Second, even if paragraph three did reference prior bad acts by Mr. Cone, Joanne Cone would be entitled only to a curative instruction, because the Court finds that reading paragraph three of the indictment would not prevent the jury from making a reliable judgment about Joanne Cone's guilt or innocence.  See U.S. v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004)(stating that unless there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or would prevent the jury from making a reliable judgment about guilt or innocence, defendants prejudiced by a joint trial are entitled only to curative instructions).

Next, Joanne Cone argues that since she is only charged in two of the six counts in the indictment and only four of the fifty-nine overt acts, she is not in the same league as Mr. Cone. As such, she argues that her trial should be severed from his because a curative instruction will be unable to cure the spill-over prejudice to her. The Court rejects this argument. There is a preference for joint trials of co-conspirators, see U.S. v. Pedrick, 181 F.3d 1264, 1272 (11th Cir. 1999), and Joanne Cone has not shown that she is likely to suffer prejudice from a joint trial with Mr. Cone.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant Joanne Cone's Motion to Sever (Doc. No. 95) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of June, 2007.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record