UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                            Case No.  8:06-cr-43-T-24 MAP

JOANNE CONE

_____/

**ORDER**

This cause comes before the Court on Defendant Joanne Cone's Motion to Strike Surplusage From Indictment.  (Doc. No. 94).  The Government opposes the motion.  (Doc. No. 99).

In this motion, Defendant Joanne Cone requests that the Court strike two allegations from the indictment as surplusage.  Federal Rule of Criminal Procedure 7(d) provides that the Court may strike surplusage from the indictment.  However, "[a] motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992)(quoting United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990)).

The first allegation that Joanne Cone argues should be stricken is contained in the indictment's introductory paragraph, which states: "The bankruptcy system was designed to achieve the dual objectives of assisting honest debtors and protecting creditors."  (Doc. No. 30). Joanne Cone argues that the reference to "honest" debtors creates an unfair, prejudicial, and confusing inference.  The Court rejects this argument, as the statement that the bankruptcy systems is designed to assist honest debtors is factually correct and does not create an unfair, prejudicial, or confusing inference.

Next, Joanne Cone argues that the following allegations should be stricken from paragraph three of the indictment:

> One or about July 29, 1999, defendant MICHAEL L. CONE entered into an agreement with the State of Florida. That agreement required that MICHAEL L. CONE and any company or corporation under his control or direction not work, contract, seek to contract or act as a material supplier, subcontractor or consultant, on any Florida Department of Transportation contract or project, excluding work on existing contracts, for a period of four years.

(Doc. No. 30).  Joanne Cone argues that these allegations are prejudicial.  The Court has already considered and rejected this argument in a previous order in this case.  (Doc. No. 98).

Accordingly, it is ORDERED AND ADJUDGED that Defendant Joanne Cone's Motion to Strike Surplusage From Indictment (Doc. No. 94) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of June, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record