UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                           Case No. 8:06-cr-43-T-24 MAP

MICHAEL L. CONE,
PATRICIA RANKIN GRABLE and
JOANNE K. CONE

_____/

**ORDER**

This cause comes before the Court on BRA Associates, LLC ("BRA") and St. Paul Fire and Marine Insurance Company's ("St. Paul") Motion for Hearing Pursuant to 18 U.S.C. § 3771. (Doc. No. 378).[1] The Government opposes the motion. (Doc. No. 393).

**I. Background**

On October 3, 2007, Patricia Rankin Grable pled guilty to count one, conspiracy to commit bankruptcy fraud, and count two, bankruptcy fraud, of the second superseding indictment. On October 5, 2007, Michael L. Cone pled guilty to count one, conspiracy to commit bankruptcy fraud and count two, wire fraud.[2] (Doc. No. 174, 175, 179). On the same date, Joanne K. Cone pled guilty to count one, conspiracy to commit bankruptcy fraud. (Doc. No. 174, 177, 180). In their plea agreements, the Cones agreed to the forfeiture of real property that they owned, which was located at 5102 and 5032 West Longfellow Avenue ("subject properties"). (Doc. No. 181, 182). The forfeiture of the subject properties as substitute assets was made in

---

[1] St. Paul also filed a motion to join in the motion for a hearing (Doc. No. 383), which leads this Court to believe that the original motion may contain a typographical error regarding who was filing it (i.e., the original motion was meant to be filed by BRA and ClearGlass). As such, the Court will consider the motion to be joined by BRA, St. Paul, and ClearGlass.

[2] Michael L. Cone originally pled guilty to one count of wire fraud (Doc. No. 182), but he later withdrew his plea to that count, count two, and instead pled guilty to two counts of bankruptcy fraud, counts five and six (Doc. No. 230).

satisfaction or partial satisfaction of a forfeiture money judgment for which the Cones, along with Patricia Rankin Grable, were jointly and severally liable. (Doc. No. 181, 182, 276, 304).

At sentencing, Michael L. Cone, Patricia Rankin Grable and Joanne K. Cone were ordered to pay restitution in the amount of $776,248.66 to the U.S. Bankruptcy Court and $1,000,000.00 to St. Paul's Traveler's Insurance Company. The restitution was joint and several. (Doc. No. 276, 281, 304). St. Paul later assigned its interest in the restitution to ClearGlass. (Doc. No. 385). Additionally, the Bankruptcy Trustee sold its interest in the restitution to BRA, an affiliate of ClearGlass. (Doc. No. 378, Ex. A).

On May 2, 2008, Michael Cone was sentenced, at which time the Forfeiture Money Judgment and Order for Substitute Assets was entered. (Doc. No. 276). In that preliminary order of forfeiture ("POF"), Michael Cone forfeited all of his interest in the subject properties to the United States. (Doc. No. 276). Joanne Cone was not sentenced until June 20, 2008, at which time a Forfeiture Money Judgment and Order of Substitute Assets was entered as to her, and she forfeited all of her interest in the subject properties to the United States. (Doc. No. 304).

Thereafter, four claimants filed petitions under 21 U.S.C. § 853(n) to assert their alleged interests in the subject properties. (Doc. No. 315, 382, 262, 316, 329). However, on June 10, 2009, the Government filed a motion to vacate the POFs entered against Joanne and Michael Cone to the extent that the POFs sought forfeiture of the subject properties.[3] (Doc. No. 357).

---

[3]The Government stated it was moving to vacate the POFs in order to allow its Financial Litigation Unit ("FLU") to proceed against the subject properties and liquidate them pursuant to the Mandatory Victim Restitution Act ("MVRA"). The Court held a hearing on the motion to vacate on July 15, 2009, and the Government explained at the hearing that its intent was to maximize the amount of restitution available for the victims in this case. The Government stated that proceeding against the subject properties under § 853 would not necessarily result in a remission to the victims, as such must be decided by the Attorney General, pursuant to § 853(i). Therefore, the Government maintained that by vacating the POFs as to the subject properties, the FLU could proceed against the properties pursuant to the MVRA for the benefit of the victims without petitioning the Attorney General for remission.

After a hearing on the motion, at which ClearGlass was heard in opposition[4], the Court granted the Government's motion to vacate the POFs to the extent that they related to the subject properties. (Doc. No. 388).

## II. Motion for Hearing Pursuant to 18 U.S.C. § 3771

The instant motion is made pursuant to 18 U.S.C. § 3771, which is known as the Crime Victims' Rights Act ("CVRA"). Under § 3771, crime victims have certain rights, including: (1) the right to reasonable, accurate, and timely notice of any public court proceeding involving the crime of the accused; (2) the right not to be excluded from any such public court proceeding (except under certain circumstances); (3) the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (4) the right to full and timely restitution as provided in law; and (5) the right to proceedings free from unreasonable delay.

In the instant motion, which was filed prior to this Court's ruling on the Government's motion to vacate the POFs, BRA, ClearGlass, and St. Paul request the following relief: (1) that the Court deny the Government's motion to vacate the POFs, (2) that the Court schedule ancillary proceedings under 21 U.S.C. § 853(n), and (3) that the Court allow them the right to be heard and assert their claims to full and timely restitution. As explained below, the motion is denied.

This motion must be denied for three reasons. First, the Court has already granted the Government's motion to vacate the POFs, and as such, to the extent the motion requests the Court to deny the Government's motion to vacate the POF's and schedule ancillary proceedings under 21 U.S.C.§ 853(n), the instant motion is moot. Furthermore, ClearGlass fully participated

---

[4] ClearGlass opposed the motion, arguing that it would be prejudiced if the Court granted the motion. Specifically, ClearGlass argued that the interests of other claimants were extinguished under § 853 (due to defects in, or the non-filing of, their § 853 petitions) if the ancillary proceedings continued and its lien would be first in line, but if the Court vacated the POFs, these claimants would attempt to assert their interests in the subject properties in the alternative proceedings pursued by the FLU and ClearGlass might get nothing.

in the hearing on the motion to vacate the POFs, and as such, it cannot argue that it was not heard.

Second, BRA and ClearGlass are not "crime victims," as defined by the CVRA. The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). In the instant case, the crimes at issue are bankruptcy fraud and conspiracy to commit bankruptcy fraud, and neither BRA nor ClearGlass were directly harmed by Rankin or the Cones' bankruptcy fraud and conspiracy to commit bankruptcy fraud. Furthermore, BRA and ClearGlass admit in the motion that they were harmed by Michael Cone's *unindicted* criminal conduct in a completely unrelated scheme. (Doc. No. 378, p. 2, ¶ 6). Since BRA and ClearGlass are not "crime victims" as defined by the CVRA, they are not entitled to any relief under the CVRA.

Third, as to St. Paul and even BRA and ClearGlass if they were afforded rights under the CVRA due to the true crime victims' (i.e, the Bankruptcy Court and St. Paul) sale and assignment of their interests in the Court-ordered restitution, the CVRA does not provide the relief requested in their motion. Specifically, while the CVRA provides crime victims the right to be to heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, no such proceeding is set to take place. Instead, BRA, ClearGlass, and St. Paul really want to use the CVRA as a means to require the Court to hold ancillary proceedings under 21 U.S.C. § 853(n), but such proceedings were mooted by the Court's withdrawal of its order of forfeiture as to the subject properties. Should the Court find it necessary to conduct a public court proceeding on the issue of restitution, St. Paul and the Bankruptcy Court, as victims, may very well have the right to be heard. However, at this time, the Court is unaware of any need or legal basis for a restitution hearing.

### III. Conclusion

Accordingly, BRA, ClearGlass, and St. Paul are not entitled to the requested relief. Therefore, it is ORDERED AND ADJUDGED that:

(1) St. Paul's Joinder in Motion for Hearing (Doc. No. 383) is **GRANTED** to the extent that the Court construes it as a motion to join in the pending Motion for

Hearing Pursuant to 18 U.S.C. § 3771 (Doc. No. 378); otherwise the motion is **DENIED**.

(2) BRA and St. Paul's Motion for Hearing Pursuant to 18 U.S.C. § 3771 (Doc. No. 378), which this Court construes as also joined by ClearGlass, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of August, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record